**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THERESITA K. DIETRICH,

      CASE NO. 04-73510
   Appellant,      HON. LAWRENCE P. ZATKOFF

v.      On appeal from
      CASE NO. 04-60374
NOB-HILL STADIUM PROPERTIES,      HON. STEVEN W. RHODES

   Appellee.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 23, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Debtor/Appellant Theresita Dietrich's appeal from the Bankruptcy Court's August 23, 2004 Dismissal. In addition, Debtor appeals the Bankruptcy Court's award of sanctions. The appeals have been consolidated pursuant to the Court's December 1, 2004 Order. Appellant has filed a brief on appeal and Creditor/Appellee Nob-Hill Stadium Properties has filed a response brief. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to FED. R. BANK. PROC. 8012, it is hereby ORDERED that the motion be

resolved on the briefs submitted. For the reasons set forth below, the Bankruptcy Court's August 23, 2004 Dismissal is AFFIRMED. Additionally, the Bankruptcy Court's October 7, 2004 award of sanctions is AFFIRMED.

## II. BACKGROUND

The current appeal is the culmination of a series of bankruptcy filings brought by Debtor/Appellant Theresita Dietrich (hereinafter, "Debtor" or "Appellant") before U.S. Bankruptcy Judge Steven W. Rhodes. The matter initially arose when Debtor, as part of a general partnership, guaranteed a mortgage obligation to Creditor/Appellee Nob-Hill Stadium Apartments (hereinafter, "Nob Hill"). Financial difficulty ensued and the parties went to state court to determine their obligations. On March 11, 1996, the Wayne County Circuit Court entered a Consent Judgment in favor of Nob-Hill in the amount of $437,894.68.

On September 17, 2001, Debtor filed for bankruptcy under Chapter 13 (Case No. 01-57758). Judge Rhodes dismissed the case without prejudice on December 14, 2001.[1] On February 25, 2002, Debtor filed under Chapter 11 (Case No. 02-44492). Judge Rhodes dismissed this case on May 1, 2002, ordering that "this Chapter 11 case is dismissed with prejudice."[2] Debtor soon re-filed on May 21, 2002 (Case No. 02-52234), this time filing under Chapter 7. On August 27, 2002, Judge Rhodes again dismissed Debtor's case, ordering that the "Chapter 7 petition is dismissed with prejudice to her rights to file a petition under any chapter of Title 11."

---

[1] This case was dismissed because Judge Rhodes found that the $400,000 amount claimed by Nob Hill was over the jurisdictional limits of a Chapter 13 filing.

[2] This case was dismissed because Judge Rhodes found that Debtor did not have sufficient income to have a reasonable likelihood of proposing a successful plan.

Debtor's present bankruptcy case (Case No. 04-60374) was filed on July 21, 2004. Judge Rhodes dismissed this case on August 23, 2004. At a hearing prior to dismissing the claim, Judge Rhodes explained that the August 27, 2002 dismissal with prejudice had the effect of barring Debtor from filing again with respect to those creditors identified in the previous pleading. In addition to dismissing Debtor's claim, Judge Rhodes assessed sanctions against Debtor.

### III. LEGAL STANDARD

In a bankruptcy proceeding, the bankruptcy court is the finder of fact. *In re Caldwell*, 851 F.2d 852, 857 (6th Cir.1988). On appeal, the district court reviews a bankruptcy court's findings of fact under the clearly erroneous standard. FED. R. BANK. PROC. 8013. Questions of law are reviewed *de novo*. *In re Isaacman*, 26 F.3d 629, 631 (6th Cir. 1994).

### IV. ANALYSIS

When Judge Rhodes dismissed Debtor's present case on August 23, 2004, the Court found that "the filing of this case was done in bad faith . . . in violation of this Court's August 27, 2002 Order Granting Motion to Dismiss which dismissed her prior Chapter 7 bankruptcy petition 'with prejudice to her right to file a petition under any chapter of title 11.'" In addition, Judge Rhodes assessed sanctions against Debtor. Debtor asserts that both actions were in error.

**A. Judge Rhodes Properly Dismissed Debtor's Case**

Debtor argues that Judge Rhodes' August 27, 2002 order of dismissal only created a 180 day bar from re-filing under the bankruptcy laws, and that her July 21, 2004 bankruptcy petition should not have been dismissed because it was filed more than 180 days after the previous dismissal.

3

For support Debtor relies on 11 U.S.C. § 349(a), which states:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109 (g) of this title.

Section 109(g) states:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case;

Based on these sections, Debtor argues that the Court's "dismissal with prejudice" was inadequate to effect a permanent bar against re-filing, and that the Court should have explained in the language of the order that it was permanently barring Debtor from re-filing. The Court disagrees.

Sections 349(a) and 109(g) do not limit the bankruptcy court's authority to dismiss a case with prejudice, thereby completely barring a debtor's claim. This finding is in accordance with both the Sixth Circuit and the majority of courts. *See Javens v. Ruskin*, 2000 WL 1279189, at 2 (E.D. Mich. Aug. 24, 2000) (". . . § 349 was never intended to limit the bankruptcy court's ability to impose a permanent bar to discharge that would have res judicata effect.") *aff'd* 2001 WL 1450676 (6th Cir. Nov. 9, 2001); *see also In re Casse*, 198 F.3d 327, 336-37 (2d Cir. 1999).

Next, the Court finds that Judge Rhodes' August 27, 2002 order dismissing Debtor's claim with prejudice effected a permanent bar on Debtor's claim. Judge Rhodes' order of dismissal must be read in the context of his accompanying opinion, which stated:

> The Court concludes that there is cause for the dismissal of the case, and cause for dismissal of the case with prejudice. The record overwhelmingly establishes that this creditor has been delayed without cause already too long and it is time for the process to allow the creditor its remedies.

\* \* \*

> [T]he Court further concludes that dismissal with prejudice is appropriate because there is no reason to believe that a re-filing will accomplish any purpose that this re-filing is not able to accomplish.

Accordingly, the effect of Judge Rhodes' August 27, 2002 order of dismissal with prejudice is clear: Debtor would be barred from re-filing in the future.

Debtor directs the Court to *In re Casse*, 198 F.3d 327 (2d Cir. 1999), presumably in support of her position that Judge Rhodes should have set forth the duration of the bar in his order. *In re Casse*, however, is detrimental to Debtor's position. In *In re Casse*, as in the present case, the bankruptcy judge dismissed the debtor's claim "with prejudice" but failed to specify the duration of the bar. The Court of Appeals held that the bankruptcy judge's omission rendered the order ambiguous, but that the ambiguities were resolved by the bankruptcy court's opinion in debtor's subsequent bankruptcy case. Furthermore, the Court of Appeals noted that debtor's counsel never asked the bankruptcy judge for a clarification of his order. Accordingly, the Court of Appeals affirmed the bankruptcy judge's dismissal.

Similar to the debtor in *In re Casse*, Debtor in the present case never asked for a clarification of the Court's order. Furthermore, and unlike the bankruptcy judge in *In re Casse*, Judge Rhodes explained the meaning of "dismissal with prejudice" in the opinion which was attached to the order of dismissal. Therefore, the Court finds that Judge Rhodes' August 27, 2002 order of dismissal barred Debtor from re-filing her bankruptcy claim.

**B. Judge Rhodes Properly Assessed Sanctions Against Debtor**

An award of sanctions is reviewed under the abuse of discretion standard. *See Hartleip v. McNeilab, Inc.*, 83 F.3d 767, 778 (6th Cir. 1996). Under FED. R. BANK. PROC. 9011(c), the

bankruptcy court may award sanctions for violation of Bankruptcy Rule 9011(b). Rule 9011(b) states:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

The record indicates that Judge Rhodes had sufficient reasons to believe that Debtor's July 2004 filing was in bad faith and thus in violation of Rule 9011(b). Debtor's July 2004 filing was Debtor's fourth bankruptcy filing before Judge Rhodes. When Judge Rhodes dismissed with prejudice Debtor's May 21, 2002 bankruptcy filing, he clearly stated: "the Court further concludes that dismissal with prejudice is appropriate because there is no reason to believe that a re-filing will accomplish any purpose that this re-filing is not able to accomplish." *See* August 27, 2002 Order of Dismissal. Despite the clear language of Judge Rhode's Order, Debtor nevertheless re-filed for bankruptcy in 2004. Accordingly, the Court finds that Judge Rhodes did not abuse his discretion in finding that Debtor's re-filing was in bad faith and that consequently Debtor should be sanctioned for her conduct.

## V. CONCLUSION

For the reasons set forth above, the Court HEREBY AFFIRMS the Bankruptcy Court's August 23, 2004 Dismissal. Additionally, the Court HEREBY AFFIRMS the Bankruptcy Court's award of sanctions.

IT IS SO ORDERED.

                                            s/Lawrence P. Zatkoff  
                                            LAWRENCE P. ZATKOFF  
                                            UNITED STATES DISTRICT JUDGE

Dated: June 23, 2005

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 23, 2005.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290

S:\Zatkoff\Marie ECF\04-73510.dietrich.bankruptcy.wpd